# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

         Plaintiff,    :    Case No. 3:16-cr-126
                                              Also 3:20-cv-183

                                                District Judge Walter H. Rice
- vs -                                      Magistrate Judge Michael R. Merz

KEONTAE BROWN,

         Defendant.    :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on the *pro se* Motion to Vacate filed by Defendant Keontae Brown (ECF No. 32). As with all petitions for post-conviction relief filed at the Dayton location of court, it is referred to the undersigned by General Order Day 13-01.

The Motion to Vacate is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

The docket shows that Defendant was indicted by a federal grand jury on October 13, 2016, and charged with one count of violating 18 U.S.C. § 922(g)(1) by being a convicted felon found in possession of a firearm (Indictment, ECF No. 12). With the assistance of counsel, he reached a Plea Agreement with the United States under which he would plead guilty as charged with the understanding that the maximum possible penalty was ten years' imprisonment (ECF No. 19). In the Plea Agreement, he agreed to the truth of the attached Statement of Facts which reads in its entirety:

> On or about October 3, 2016, defendant Keontae Brown knowingly kept a firearm at a home in Montgomery County, Ohio. Prior to this event, Mr. Brown previously had been convicted of felony offenses punishable by a term of imprisonment exceeding one year, including, among others: (1) on or about November 26, 2014, in the Montgomery County, Ohio, Court of Common Pleas, case number 2014 CR 03626, of possession of heroin; and (2) on or about November 26, 2014, in the Montgomery County, Ohio, Court of Common Pleas, case number 2014 CR 02416, of having weapons under disability.
>
> For the information of the Court, the firearm that Mr. Brown possessed was not manufactured in the state of Ohio, and as such, had been moved or shipped in interstate commerce to reach him in this state.

*Id.* at PageID 42.

After considering a presentence investigation report from the Probation Department, Judge Rice sentenced Defendant to the sixty-month term of incarceration he is now serving and from which he seeks relief.

## Analysis

Defendant pleads one ground for relief, that his sentence is unlawful under *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191 (2019), decided June 21, 2019.  He claims that his conviction did not meet the *scienter* requirement of 18 U.S.C. § 922 (g)(1) in that he did not know he was a convicted felon and did not know that the firearm he possessed satisfied the jurisdictional requirement for federal prosecution, to wit, that the firearm had moved in or affected interstate commerce.

The defendant in *Rehaif* was convicted of violating 18 U.S.C. § 922(g)(5), being an alien unlawfully in the United states and possessing a firearm.  The Court held:

> The term "knowingly" in §924(a)(2) modifies the verb "violates" and its direct object, which in this case is §922(g).  The proper interpretation of the statute thus turns on what it means for a defendant to know that he has "violate[d]" §922(g). With some here-irrelevant omissions, §922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien . . . illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").
>
> . . . by specifying that a defendant may be convicted only if he "knowingly violates" §922(g), Congress intended to require the Government to establish that the defendant knew he violated the material elements of §922(g).

139 S. Ct. at 2195-96.  *Rehaif* came before the Court on a jury instruction claim:  the jury was told it did not have to find *Rehaif* knew he was unlawfully in the country.  Thus the trial judge had eliminated jury consideration of one of the elements of the crime, the status element as the Court

3

described it.  Although the Court was only considering an unlawful alien in possession case, its logic extends to all cases under § 922(g).  That is, if this case had gone to trial the Government would have had to prove that Brown knew he had been convicted of a felony and knew that he was in possession of a firearm.  It would also have had to prove that the object Brown possessed was in fact a firearm and that it had moved in or effected interstate commerce.

The decision in *Rehaif* provides no relief for Brown for the following reasons.

First of all the Government did not have to prove anything in this case because Brown admitted all the essential elements of the offense:  that he had been convicted of crimes punishable by more than a year's imprisonment, that he possessed a firearm, and that it had moved in or affected interstate commerce.  (See Statement of Facts quoted above, ECF No. 19, PageID 42.)

Second. Rehaif does not apply retroactively to cases on collateral review.

> Moreover, the Supreme Court did not make its new rule retroactively applicable to cases on collateral review.[1]  The Court does not discuss retroactivity at all in *Rehaif*.  The Supreme Court has a general rule by which we can determine that question, however.  Subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule. *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992);  *Teague v. Lane*, 489 U.S. 288 (1989).

*United States v. May,* 2019 U.S. Dist. LEXIS 203817, 2019 WL 6310185 (S.D. Ohio Nov. 25, 2019).  Certainly *Rehaif* announced a new rule of criminal procedure, but it was decided several years after Brown was convicted.

---

[1] Direct review is the review that occurs on direct appeal to the circuit court of appeals and ultimately, if they accept jurisdiction, to the United States Supreme Court.  Collateral review occurs on a motion to vacate under § 2255 or a motion for new trial.

Third, Brown's Motion is barred by the one-year statute of limitations applicable to motions to vacate under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f) provides

> A one-year statute of limitations shall apply to a motion under this section. The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Brown's conviction became final in August 2017 when he failed to appeal to the Sixth Circuit after having been sentenced. Under § 2255(f)(1), the statute expired a year later in August 2018. Brown claims the benefit of § 2255(f)(3)(See Motion, ECF No. 32, PageID 123),but the Sixth Circuit has recently held "the rule stated in *Rehaif* is a matter of statutory interpretation, not a "new rule of constitutional law." *Khamisi-El v. United States,* 800 Fed. Appx. 344, 349 (6th Cir. 2020), citing *In re Palacios,* 931 F.3d 1314, 1315 (11th Cir. 2019). Therefore the ruling in *Rehaif* does not operate to restart the statute of limitations.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Vacate be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 12, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.