IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | |
| v. | : | Case Nos. 3:16-cr-126, 3:20-cv-183 |
| KEONTAE BROWN, | | JUDGE WALTER H. RICE |
| Defendant. | : | |

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #33); OVERRULING DEFENDANT'S OBJECTIONS THERETO (DOCS. ##37, 38); DISMISSING MOTIONS TO VACATE UNDER 28 U.S.C. § 2255 (DOCS. ##32, 34) WITH PREJUDICE; DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz in his Report and Recommendations, Doc. #33, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing in its entirety.

The Court OVERRULES Defendant's Objections, Docs. ##37, 38.  As Defendant notes, *Rehaif v. United States*, 139 S. Ct. 2191 (2019), held that the Government, in prosecuting a firearms charge under 18 U.S.C. § 922(g), must prove that the defendant knew that he belonged to the relevant category of persons barred from possessing a firearm.

In support of his Motions to Vacate, Defendant cites to *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020), in which the court held that, at the time that Lockhart entered his plea, no one understood the essential elements of the §922(g) offense, as explained in *Rehaif*. *Id.* at 196. The appellate court held that this error, combined with the failure to properly advise Lockhart of his ACCA exposure, required vacating his guilty plea and conviction. *Id.* at 197. Defendant argues that his guilty plea and conviction should likewise be vacated.

Given that *Lockhart* involved a case on direct review, it is inapplicable to Defendant, who is seeking collateral review under 28 U.S.C. § 2255. Although the Sixth Circuit has not yet, in a published decision, addressed the question of whether *Rehaif* is applicable to cases on collateral review, the district courts within the Sixth Circuit have held that it is not. *See, e.g.*, *United States v. May*, No. 3:16-cr-127, 2019 U.S. Dist. LEXIS 203817 (S.D. Ohio Nov. 25, 2019); *United States v. Burley*, No. 4:15-cr-352, 2020 WL 2126682 (N.D. Ohio May 5, 2020); *Wright v. United States*, No. 1:12-cr-10128, 2020 WL 718237 (W.D. Tenn. Feb. 12, 2020); *Dowlen v. United States*, No. 3:16-cv-00676, 2020 WL 489460, at *2 (M.D. Tenn. Jan. 30, 2020); *Hobgood v. United States*, No. 4:17-cr-15, 2020 WL 2601653 (E.D. Tenn. May 21, 2020).

The Eleventh Circuit and Third Circuit Courts of Appeals have held likewise. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *In re Sampson*, 954 F.3d 159 (3d Cir. 2020). In *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020), the Sixth Circuit cited *In re Palacios* for the proposition that "[t]he

rule stated in *Rehaif* is a matter of statutory interpretation, not a "new rule of constitutional law."

Magistrate Judge Merz properly determined that, because *Rehaif* is inapplicable to Defendant's case, Defendant's motions are untimely filed. Accordingly, the Court DISMISSES WITH PREJUDICE Defendant's Motions to Vacate Under 28 U.S.C. § 2255, Docs. ##32 and 34.

Given that Defendant has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Defendant is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Plaintiff and against Defendant.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: June 8, 2020

(tp -per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE